IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DREW MOSES PATTERSON,                §
SPN NO. 02530060,                    §
                                     §
                Petitioner,          §
                                     §
v.                                   §        CIVIL ACTION NO. H-15-0014
                                     §
SHERIFF ADRIAN GARCIA,               §
                                     §
                Respondent.          §

## MEMORANDUM OPINION AND ORDER

Drew Moses Patterson, an inmate of the Harris County Jail, has submitted a petition for a writ of habeas corpus challenging the validity of his incarceration pursuant to several pending state criminal indictments pending in the 228th District Court of Harris County, Texas.  This action will be dismissed for failure to exhaust state court remedies.

### I.  Claims and Case Status

Patterson's petition (Docket Entry No. 1) is cryptic and barely legible.  It appears that he seeks dismissal of charges that have been filed against him.  He alleges that he has been sentenced to two years in prison; however, he enters "0" in the space indicated for the date of sentencing.  Id.  He also enters "Insanity plea" in the space for the plea that he made.  Id.

The records of the Harris County District Clerk's Office indicate that Patterson is awaiting trial after being charged with evading arrest and two counts of assault against a public servant.

See Website of the Office of Harris County District Clerk, www.hcdistrictclerk.com. No judgment has been entered, although a pro se plea bargain request was submitted on January 5, 2015. Patterson's next setting for hearing in Harris County state district court is January 27, 2015. Id.

## II. **Analysis**

If Patterson were challenging a final state court conviction, his petition would be actionable under 28 U.S.C. § 2254, which contains provisions requiring exhaustion of state court remedies before seeking relief in federal court. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997). Under 28 U.S.C. § 2254(b) a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief."), citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000). To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles, at 420, citing Picard v. Connor, 92 S. Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the precept of comity. Coleman v. Thompson, 111 S. Ct. 2546, 2555 (1991); Ries v.

-2-

Quarterman, 522 F.3d 517, 523 (5th Cir. 2008), citing Moore v. Quarterman, 491 F.3d 213, 220 (5th Cir. 2007). Federal courts follow this principle to afford state courts the first opportunity to address and correct the alleged violations of a petitioner's federal rights. Id. Therefore, a habeas petitioner must pursue his state court remedies before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S .Ct. 1528, 1533 (2005).

In this action, Patterson is challenging a pending trial proceeding, not a final conviction. Pre-trial petitions are properly brought before the federal courts under 28 U.S.C. § 2241. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998), citing Dickerson v. State of La., 816 F.2d 220, 224 (5th Cir. 1987).

Although section 2241 does not contain explicit language requiring exhaustion of available remedies, the United States Court of Appeals for the Fifth Circuit has imposed such a requirement on federal challenges of pre-trial proceedings. Dickerson, 816 F.2d at 224. There is no record of an appeal or writ of habeas corpus being filed in Patterson's state criminal proceeding. See www.hcdistrictclerk.com. Absent special circumstances, which are not present in this action, a federal petition for a writ of habeas corpus may not be filed until state remedies have been exhausted. Dickerson, at 225-27; Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction.

Should Patterson file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order.   See 28 U.S.C. § 2253; Stringer,161 F.3d at 262; Whitehead, 157 F.3d at 386; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III.   Conclusion

The court **ORDERS** the following:

1.   Drew Moses Patterson's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust state court remedies.

2.   Patterson's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3.   A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 12th day of January, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-4-